NOT FOR PUBLICATION                                                    [41]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                          :
LARRY PRETLOW, ET AL.,                    :
                                          :
                   Plaintiffs,            :
                                          :          Civil No. 04-2885 (FLW)
          v.                              :
                                          :              **OPINION**
CUMBERLAND COUNTY                         :
BOARD OF SOCIAL SERVICES,                 :
ET AL.,                                   :
                                          :
                   Defendants.            :
_____:


**WOLFSON, District Judge**

      Presently before the Court is Plaintiffs' Petition for Attorney's Fees, Costs and Expenses

pursuant to 42 U.S.C. § 1988.  Plaintiffs contend that as the prevailing party in the underlying

dispute over constitutional violations in the collection of Union fees, they are entitled to

Attorney's Fees and Costs in the amount of $74,940.41.  The Court has considered the petition,

opposition and reply papers; for the reasons that follow, the Court holds that Plaintiffs' Attorney

may recover $18, 932.50 in fees, costs and expenses.


**I. BACKGROUND**

      On June 21, 2004, Plaintiff, Larry Pretlow ("Pretlow"), a non-Union member employee of

Cumberland County Board of Social Services ("CCBSS"), filed a complaint challenging two

agency fee notices prepared by Amalgamated Local 2327, United Auto Workers of America,

AFL-CIO ("Local 2327").  After a period of discovery, on behalf of all similarly situated class members, Plaintiff filed a Motion for Summary Judgment alleging that the notices failed to include an independently audited financial disclosure explaining the basis for the fee and that the notices failed to provide an opportunity to challenge the amount of the fee before an impartial decision maker.  Plaintiffs attacked the constitutionality of the agency fee on three separate grounds.  First, Plaintiffs claimed that the breakdown of chargeable versus non-chargeable expenses was flawed because it was a legal determination not verified by an independent auditor.  Next, Plaintiffs claimed that the notices improperly limited the scope of an objector's challenge before an impartial decision-maker.  Finally, Plaintiffs claimed that the requirement that an objector state the basis for a claim discouraged nonmembers from exercising their First Amendment rights.  This Court rejected Plaintiffs' first two claims and accepted the third, granting in part and denying in part Plaintiffs' Motion for Summary Judgment.  Pretlow v. CCBS, Civ. 04-2885, Amended Order, July 25, 2005 ("Pretlow Order").  In addition, the Court ordered Local 2327 to return all agency fees paid by Plaintiffs for the relevant period and to pay nominal damages to Plaintiffs of $1.00 per violation. Subsequently, Plaintiffs filed the instant petition for attorney's fees.


## II. DISCUSSION

Pursuant to 42 U.S.C. § 1988, the Court in its discretion may award the prevailing party reasonable attorney's fees and costs incurred in litigating a claim under § 1983. 42 U.S.C. § 1988; Tresdell v. PHA, 290 F.3d 159, 163 (3d Cir. 2002).  The prevailing attorney seeking compensation bears the initial burden of showing the reasonableness of the requested fees by

"producing satisfactory evidence--in addition to the attorney's own affidavits--that the requested

rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896

(1984). Once the prevailing attorney satisfies her burden, the opposing party may "challenge, by

affidavit or brief with sufficient specificity to give the fee applicant notice, the reasonableness of

the requested fee." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990).


1. Prevailing Parties

      A prerequisite to an award of attorneys' fees under § 1988 is that the party seeking fees

must have been "prevailing." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts have

broadly defined "prevailing party" for purposes of triggering the application of a fee shifting

statute. Public Interest Research Group ("PIRG") of New Jersey Inc., v. Windall, 51 F.3d 1179,

1185 (3d Cir. 1995). Generally, a plaintiff may be considered a prevailing party for the purpose

of receiving attorney's fees if she succeeds on any significant issue in litigation which achieves

some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 437

(1983); see also Metropolitan Pittsburgh Crusade for Voters v. City of Pittsburgh, 964 F.2d 244,

250 (3d Cir.1992) ("The test ... to determine prevailing party status is whether plaintiff achieved

some of the benefit sought by the party bringing suit.")(citation omitted). Thus, a party need not

achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award.

J.O. ex rel. C.O. v. Orange Township Bd. of Ed., 287 F.3d 267, 271 (3d Cir. 2002). However,

the degree of the party's success goes to the amount of the ultimate award, not to the availability

of an award. Id.

In the instant case, Plaintiffs did not succeed on all their claims.  Indeed, this Court rejected two of Plaintiffs' three claims in its Motion for Summary Judgment, granting in part and denying  in part Plaintiffs' motion.  Despite Plaintiffs' inability to recover on all their claims, this Court holds that Plaintiffs are the prevailing party for the narrow purpose of triggering the fee shifting statute and receiving an award of attorney's fees.

2. Reasonable Fees

After determining that a plaintiff is a prevailing party eligible to recover attorney's fees, a court must determine what fee is reasonable.  Hensley, 461 U.S. at 433.  Reasonable attorney's fees are comprised of the applicable hourly rate for the legal services and the product of the hours reasonably expended; this amount is known as the lodestar.   See Hensley v. Eckerhart, 461 U.S. at 433.   A reasonable hourly rate is the prevailing market rate for the essential character and complexity of the legal services rendered.  Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 131 (3d Cir.1999); Planned Parenthood of Cent. New Jersey v. The Attorney General of the State of New Jersey, 297 F.3d 253, 265 n. 5 (3d Cir.2002).  "A district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record." Coleman v. Kaye, 87 F.3d 1491, 1510 (3d Cir.1996); see also Smith v. Philadelphia Housing Auth., 107 F.3d 223, 225 (3d Cir.2001).   Once the reasonable hourly rate has been determined, the Court, in its discretion, calculates the fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley, 461 U.S. at 433; Planned Parenthood, 297 F.3d at 265 n.  A fee petition must be specific enough for a court "to determine if the hours claimed are unreasonable for the work performed." Planned Parenthood, 297 F.3d at

270 n. 6.  The court must exclude any hours that are "excessive, redundant, or otherwise

unnecessary." Hensley, 461 U.S. at 434.


A. Hourly Rate

   The first step in the lodestar calculation is determining a reasonable hourly rate.

Although the Third Circuit has held that "the starting point in determining a reasonable hourly

rate is an attorney's usual billing rate", that amount is not dispositive.." Public Interest Research

Grp. of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995).  In Blum v. Stenson, the

Supreme Court explained that "reasonable fees" under § 1988 are to be calculated according to

the prevailing market rates in the relevant community, regardless of whether plaintiff is

represented by private or nonprofit counsel. 465 U.S. 886, 893 (1984).  Thus, determination of

the market rate first requires determination of the relevant market.  Windall, 51 F.3d  at 1186; see

also Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031,1035 (3d Cir.

1996) ("[A] reasonable hourly rate is calculated according to the prevailing market rates in the

community.")  Courts  "should assess the experience and skill of the prevailing party's attorneys

and compare their rates to the rates prevailing in the community for similar services by lawyers

of reasonably comparable skill, experience, and reputation." Rode v. Dellarciprete, 892 F.2d

1177, 1183 (3d Cir. 1990).  The prevailing party bears the burden of establishing that the

requested rate is reasonable in light of the "the essential character and complexity of the legal

services rendered in order to make out a prima facie case." Washington, 89 F.3d at 1035.

   In the instant case, Plaintiffs argue that a reasonable market rate for an attorney in the

Philadelphia/Camden area with 15-20 years of experience ranges between $350-$400 per hour.

Pl's. Petition for Attorneys' Fees ("Pls.' Fee Petition") at 3.  In support, Plaintiffs provide affidavits from Evelyn Marose Esq., an attorney practicing in East Orange, New Jersey, Pls' Fee Petition, Ex. C, and Paul Castronovo, Esq., an attorney practicing in Bedminster, New Jersey. Id., ex. D.  Ms. Marose, an attorney with 16 years experience in employment law, attests that her hourly rate is $350 and that in her experience, attorneys in Philadelphia and New Jersey bill at rates between $300 to $450 per hour.  Id., ex. C at ¶4.  Similarly, Mr. Castronovo states that his hourly rate is $225, but that attorneys in New Jersey with 16 years of experience bill at approximately $350 per hour.  Id., ex. D at ¶4.  As a result, Plaintiffs request that Mr. Young, an attorney with 16 years experience at the National Right to Work Legal Defense Foundation, receive compensation at an hourly rate of $350.

 Defendants, on the other hand, contend that Plaintiffs' requested rate is unreasonable. First, Defendants point out that Plaintiffs' local counsel, David G. Evans of Pittstown, New Jersey, has 15 years more experience than Mr. Young, yet only bills at a rate of  $200 per hour. Id., ex. B at ¶4.   In addition, Defendants attach supporting affidavits from Bruce Harrison, Esq., an attorney with more than 30 years experience in labor and employment law and a senior shareholder at Capehart Scatchard in Mt. Laurel, New Jersey, and Peter Fratarelli, Esq., a partner at Archer & Greiner in Haddonfield, New Jersey with 12 years of New Jersey employment law experience.  Local 2327's Opposition to Pls.' Fee Petition ("2327 Opp."), exs. A & B.  In his affidavit, Mr. Harrison attests that his hourly rate is between $240 and $275.  Id., ex. A at ¶4. Moreover, Mr. Harrison states that while partner level hourly work on behalf of for-profit corporations ranges from $200 to $350, the hourly rate for similar work on behalf of public entities is only about $175.  Id. at ¶¶ 3 & 4.  Similarly, Mr. Fratarelli establishes that while some

attorneys in New Jersey with 15-20 years experience in employment law may command between $250-350 an hour, Mr. Fratarelli's hourly litigation rate is $255.  Id., ex. B at ¶4.

In determining a reasonable hourly rate for Mr. Young, the Court notes that Plaintiffs' affidavits do not accurately reflect the state of the legal market in Southern New Jersey[1]. Plaintiffs provide evidence of hourly rates from attorneys practicing in East Orange and Bedminster; however, East Orange is 91 miles away from Camden, while Bedminster is 85 miles from Camden.  Thus, although Plaintiffs contend that the Philadelphia/Camden area is the relevant market from which to determine reasonable attorneys fees, see Pls.' Fee Petition at 3, Plaintiffs' evidence does not reflect the rates for the legal market in this area.  Conversely, the Defendants provide affidavits from attorneys practicing in Southern New Jersey – Mt. Laurel is 18 miles from Camden and Haddonfield is 9 miles from Camden.  Thus, the testimony from Mr. Harrison and Mr. Fratarelli provide a better picture of the applicable market rate and this Court finds that Plaintiffs' requested rate of $350 is not reasonable.   Instead, the Court holds that a reasonable rate for an attorney with Mr. Young's experience in the relevant Philadelphia/Camden market is $250 per hour.


B. Hours Reasonably Expended

Once a reasonable hourly rate has been determined, the next step in the lodestar

---

[1]Importantly, this Court notes that Plaintiff's reliance on Windall is inapposite; in Windall, the Court determined that the District of New Jersey was the relevant market because the record established that few law firms in southern New Jersey were willing to represent Plaintiffs; in addition, the Court noted that the record lacked any evidence depicting a market for legal services in southern New Jersey.  Windall, 51 F.3d at 1187-88.  Unlike Windall, the record in this matter does establish a market for legal services adjacent to Camden.  In addition, the record does not establish that legal counsel in New Jersey were unwilling to represent Plaintiffs.

calculation is a determination of the time reasonably expended in conducting the litigation.
Hensley, 461 U.S. at 433, 103 S.Ct. at 1939.  Attorneys seeking fees must document the hours
for which payment is sought "with sufficient specificity to allow the district court to determine
whether the hours claimed are unreasonable for the work performed." Evans v. Port Authority,
273 F.3d 346, 361 (3d Cir. 2001) (citations omitted).  Compensable activities include
background research and reading complex cases, productive attorney discussions and strategy
sessions, negotiations, routine activities such as making telephone calls and reading mail related
to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating
the request for attorneys' fees.  Posa v. City of East Orange, 2005 WL 2205786 at *4 (D.N.J.
2005).  However, hours that would not generally be billed to one's own client are not properly
billed to an adversary.  Hensley, 461 U.S. at 433-34.  Moreover, the Third Circuit mandates that
a district court conduct more than a cursory review of the billing records, and must "go line, by
line" through the billing records supporting the fee request.  Evans, 273 F.3d at 362-63;
Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir.2001).  Thus, a district court is required to
review the time charged, decide whether the hours set out were reasonably expended for each of
the particular purposes described and then exclude those that are "excessive, redundant, or
otherwise unnecessary." Hensley, 461 U.S. at 433-34.  In other words, courts have a "positive
and affirmative function in the fee fixing process, not merely a passive role." Maldonado v.
Houston, 256 F.3d at 184.

In the instant case, Plaintiffs request fees for 208.55[2] hours spent on a variety of litigation

---

[2]Although Plaintiffs originally requested compensation for 195.35 hours, Pls. Fee Petition at 5, Plaintiffs request an additional $4,620 for 13.20 hours spent preparing a reply brief on the issue of Attorney's Fees. Supplemental Declaration of W. James Young ("Supp. Young Decl.")

activities.  Specifically, Plaintiffs request payment for the following activities:

| Type of Work Performed | Hours Expended |
| --- | --- |
| Complaint and Amended Complaints | 30.30 |
| Client Communications | 3.10 |
| Correspondence | 8.5 |
| Pro Hac Vice Application | 1.5 |
| Discovery | 17.55 |
| Pretrial Conferences | 13.55 |
| Settlement Discussions | 12.75 |
| Motion for Summary Judgment | 83.10 |
| Plaintiff's Petition for Attorneys' Fees & Costs | 24.60 |
| Plaintiff's Reply on Attorneys' Fees & Costs | 13.20[3] |

Mr. Young's itemized activities include more than 76 hours[4] spent drafting briefs for a Summary Judgment motion and more than 37 hours spent drafting a petition and reply brief for attorney's fees. Defendants, on the other hand, contend that the hours requested by Plaintiff are unreasonable and excessive.  The Court agrees.

In his declaration, Plaintiffs' counsel establishes that as a staff attorney for the National Right to Work Legal Defense Foundation he practices "exclusively in the areas of labor and constitutional law."  Declaration of W. James Young, Esq. in support of Plaintiffs' Petition for Attorney's Fees ("Young Decl.") at 2.  Indeed,  Mr. Young states that he has been lead trial or appellate counsel in at least twelve reported cases and "numerous unreported cases in federal courts" throughout the country "many of which deal with issues similar to those presented in the

_____

at 2-3.

[3]Supra n.2.

[4]Plaintiffs' Fee Petition notes that of the 83.10 hours spent preparing the Motion for Summary Judgment, Mr. Young spent 7 hours traveling to New Jersey for oral argument, leaving 76.10 hours expended preparing the moving and reply briefs, and preparing for and conducting oral argument.

case sub judice." Id. at 2 & 4.  Furthermore, in the fee petition, Mr. Young asserts that because of his "significant expertise in both general §1983 law, and specific agency fee constitutional law" he "did not have to waste needless hours researching or re-researching the law, or 're-inventing the wheel' at each stage of this litigation" and he could work "efficiently to minimize the time spent on this case."  Pl. Fee Petition at 15.  Significantly, much of the language in the Complaint in this matter is taken, verbatim, from a complaint filed by Mr. Young in Mitchell et al. v. City of Philadelphia, 2004 WL 2612223 (E.D. Pa. 2004).  Compare e.g. Pls' Complaint ¶¶ 11- 19 with 2327 Opp., ex. D ¶¶ 16-24 .  Moreover, much of Plaintiffs' Motion for Summary Judgment was similarly borrowed from briefs submitted by Mr. Young in Mitchell v. City of Philadelphia.  Compare Pls. Mot. for Summary Judgment  with 2327 Opp., ex. E & F[5].  Despite counsel's familiarity with the legal issues presented here and his extensive knowledge of labor law and agency fee law[6], Mr. Young spent 30.30 hours on the Complaint and more than 76 hours drafting briefs in support of a summary judgment motion.  In light of Mr. Young's professed expertise in these areas, the Court finds this amount of time unreasonable.  Instead, the Court

---

[5]Although the similarities are too extensive to repeat in this opinion, the Court notes that, for example, Plaintiffs' "Statement of the Issues Presented and Controlling Authority", "Statement of the Issue to Be Decided" and "Argument" presented in Plaintiffs' Motion for Summary Judgment in the instant matter, Pl's Mot. for SJ at pp. 1,2,4,5,6-9, are almost entirely verbatim from the same sections of Mr. Young's 2001 Memorandum of Law in Mitchell.  See Defs.' Opp. to Pls.' Fee Petition, Ex. E at pp. 1, 2, 3,4, 10-12.

[6]The National Right to Work Legal Defense Fund has challenged union fee procedures in numerous cases. See e.g. Cummings v. Connell, 316 F.3d 886 (9th Cir. 2003); Prescott v. County of El Dorado, 177 F.3d 1102 (9th Cir. 1999); Bromley v. Michigan Education Ass'n, 82 F.3d 686 (6th Cir. 1996); Johnson v. Firefighters Local 472, 51 F.3d 726 (7th Cir. 1995); Hohe v. Casey, 868 F.2d 69 (3d Cir. 1989).  Moreover, Mr. Young has litigated many of the claims he asserted in this matter.  See Otto v. Pennsylvania State Education Association, 330 F.3d 125 (3d Cir. 2003); 316 F.3d 886 (9th Cir. 2003); Cummings, 316 F.3d 886.

holds that Mr. Young is entitled to recover 5 hours for his work on the Complaint and 20 hours for work spent preparing the Motion for Summary Judgment and appearing for oral argument.

In addition to time spent briefing the substantive issues in the case, Mr. Young requests payment for 37.8 hours spent drafting the fee petition and reply brief in the instant matter.  It is well established that attorneys can recover fees for time spent drafting fee petitions.  Planned Parenthood of Cent. New Jersey v. Attorney General of New Jersey, 297 F.3d 253, 268 (3d Cir. 2002).  However, the Court finds Mr. Young's fee request for time spent on the petition for attorney's fees to be unreasonable and excessive.  First, the Court notes that Mr. Young spent almost half the amount of time drafting a fee petition as he did preparing a moving and reply brief on the substantive issues in the case.  Moreover, counsel established that in this matter, and, the Court assumes, in most matters where he represents Plaintiffs in agency fee disputes with labor unions[7], attorneys fees are the only compensation that Mr. Young receives.  Pls.' Fee Petition at 16.  Accordingly, Mr. Young should be well-versed not only in the substantive law of agency fees but in the law pertaining to attorney's fees as well.  Therefore, the Court finds that the request of payment for nearly 40 hours spent drafting his fee petition and reply is excessive. In light of Mr. Young's familiarity and expertise in this area,  Mr. Young is entitled to payment for 15 hours spent drafting the petition and reply brief for attorney's fees.

In addition, Defendants contend that Mr. Young's request for fees for 1.5 hours spent

---

[7]The Court's assumption in this matter is not baseless.  According to the website of the National Right to Work Legal Defense Foundation, Mr. Young's employer, "The National Right to Work Legal Defense Foundation, established in 1968, is a nonprofit, charitable organization providing free legal aid to employees whose human or civil rights have been violated by abuses of compulsory unionism." See Frequently Asked Questions, National Right to Work Legal Defense Foundation Inc. at http://www.nrtw.org/b/foundation_faq.htm.

preparing a pro hac vice admission application is unreasonable.  The Court agrees.  At four sentences, not only is the application for pro hac vice admission quite short, but the law and language are boilerplate.  In addition, Mr. Young's accompanying declaration is certainly not novel as he admittedly litigates in jurisdictions throughout the country to which he is not admitted.  Thus, the Court finds that 1.5 hours is an unreasonable amount of time to spend on a pro hac vice application.  Instead, the Court finds that Mr. Young can recover for .5 hours spent preparing this application.

Furthermore, Defendants dispute Plaintiffs' fee request for time that counsel spent performing clerical tasks such as checking the docket and other administrative duties.  Young Decl., Ex. 1.  Indeed, at least one court has reduced the amount of hours in a fee application for time that an attorney spent performing clerical and non-legal tasks.  In Tierney v. City of Toledo, the Court found that "time spent by a lawyer on purely clerical matters not calling for the exercise of legal expertise or judgment, and which could be equally well performed by clerical staff, should not be recoverable under § 1988."  1989 WL 161543 at *12 (N.D. Ohio 1989).  Here, Mr. Young has requested payment for various non-legal tasks including checking the Court's docket for new filings (2/22/05, 3/4/05) and finalizing an expense report (12/17/04).  Mr. Young included these hours under time spent on Summary Judgment; thus, Mr. Young's fee request will be decreased by .7 of an hour to 19.3 hours.

Finally, Defendants contest Plaintiff's fee request for Correspondence, Discovery and Pretrial Conferences. Specifically, Defendants argue that the hours Plaintiff spent on pretrial discovery were excessive and unnecessary in light of Magistrate Judge Rosen's order that limited the Summary Judgment motions to the Hudson notice requirement.  However, the Court will

allow Plaintiffs to recover for amount of time spent on Correspondence (8.5), Discovery (17.55)

and Pretrial activities (13.55).  Morever, Defendants do not contest the time Plaintiff's counsel

spent on Client Communications or Settlement.

For the reasons discussed above, this Court finds that Plaintiffs' request of payment for

208.55 hours is unreasonable and excessive.  Instead, this Court holds that Mr. Young could have

reasonably expended 90.25 hours and is therefore entitled to payment for the following litigation

related activities:

| Type of Work Performed | Hours Expended |
| --- | --- |
| Complaint and Amended Complaints | 5 |
| Client Communications | 3.10 |
| Correspondence | 8.5 |
| Pro Hac Vice Application | .5 |
| Discovery | 17.55 |
| Pretrial Conferences | 13.55 |
| Settlement Discussions | 12.75 |
| Motion for Summary Judgment | 19.3 |
| Plaintiff's Petition for Attorneys' Fees & Costs and Reply | 15 |

3. Court's Discretion to Reduce the Amount of Attorney's Fees

The calculation of the lodestar does not complete a court's analysis of attorney's fees

under § 1988.   The Supreme Court has noted that the lodestar may "say little about whether the

expenditure of counsel's time was reasonable in relation to the success achieved. Hensley, 461

U.S. at 436; Tx. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789-90 (1989).

In Hensley, the Court held that where "a plaintiff has achieved only partial or limited success, the

product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate

may be an excessive amount." 461 U.S. at 436.   Thus, after the lodestar is calculated, the district

court is obligated to exercise discretion in setting a reasonable fee award in cases where plaintiffs have not achieved complete success.  Id. at 435-36. A court may adjust the fee amount upward or downward if a plaintiff has achieved only partial or limited success.  Id. at 434-36.

Although adjustments to the lodestar are within the discretion of the district court, that discretion is not unlimited.  Id. at 437.  For example, the Third Circuit has specifically rejected a rough mathematical approach to adjusting the lodestar amount.  See Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1189-90 (3d Cir. 1995).  Similarly, it is impermissible to reduce a fee award based upon a proportionality analysis between the amount of damages awarded and the amount of counsel fees requested. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir.1996).

Conversely, the Third Circuit has held that courts may consider various factors in adjusting an award of attorneys' fees including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of alternative employment; (5) the customary fee for similar work; (6) the nature of the fee payment arrangement; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) fee awards in similar cases. Windall, 51 F.3d at 1186 n.8.  Of these, the most important factor in a court's decision to adjust attorney's fees is the "result obtained" by the plaintiff.  Id. Courts have taken many approaches when adjusting attorney's fees for lack of success.  See, e.g., Washington, 89 F.3d at 1043 (holding that a reduction of attorneys's fees by fifty percent was appropriate where plaintiff requested $750,000.00 in damages and was awarded $25,000.00 by

14

the jury); Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp.2d 538, 551 (E.D.Pa.2003) (reducing the fee award by 75% where plaintiff sought $300,000 in damages but was awarded the nominal amount of $1,000); Hall v. Am. Honda Motor Co., 1997 WL 732458 at *4 (E.D.Pa. Nov. 24, 1997) (reducing award by ten percent where plaintiff sought damages in excess of $50,000.00 and received final judgment of $4,000.00).

Recently, in Posa v. City of East Orange,  2005 WL 2205786 (D.N.J. Sept. 8, 2005), the court held that "district court[s] [are] obligated to consider the amount of damages awarded as compared to the amount sought. 'Such a comparison promotes the court's central responsibility to make the assessment of what is a reasonable fee under the circumstances of the case.'" Id. at *6 (quoting  Farrar v. Hobby, 506 U.S. 103, 114-15 (1989))(citations omitted).  In Posa, Plaintiffs submitted a petition for $115,000 in attorney's fees.   Defendants contested the amount and argued that the attorney's fees should be reduced because Plaintiffs were only awarded $3,066 despite a claim for several million dollars in damages.  Id. at *7.  There, the Court held that "[i]t would be unreasonable for the Court to order attorneys' fees in the full amount sought given the modest result achieved and thus the Court finds that $40,000 is reasonable compensation." Id. Similarly, in Farrar, where petitioners received nominal damages instead of $17 million in compensatory damages, the Court noted that "litigation accomplished little beyond giving petitioners the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated in some unspecified way." 506 U.S. at 114.

In the instant case, Plaintiffs contend that a reduction in the lodestar amount is not appropriate because Plaintiffs received the full amount of economic relief they sought. Defendants, on the other hand, argue that a reduction in the lodestar amount is appropriate in

15

light of Plaintiffs' partial success in litigation.  Defendants allege that Plaintiffs attacked the constitutionality of the agency fee notice on three separate grounds, yet only succeeded on one ground, and thus, Plaintiffs' attorney's fees should be reduced accordingly.  The Court agrees.

Initially, the Court notes that despite Plaintiffs' argument that they received the full amount of economic relief sought, much of this relief was not before this Court[8].  Therefore, Plaintiffs' reliance on their economic success, while relevant, is not dispositive.  Moreover, in Hensley, the Supreme Court held that if a plaintiff achieves only partial success the lodestar amount may be excessive "even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith . . . In this case. . .had respondents prevailed on only one of their six general claims. . .a fee award based on the claimed hours clearly would have been excessive."  461 U.S. at 436.  Similarly, in the instant matter, Plaintiffs asserted three grounds for relief in the Motion for Summary Judgment. See supra p. 2.  This Court, however, only granted Plaintiffs' Motion on one of the three grounds and denied Plaintiffs' motion on the other two grounds.  Thus, Plaintiffs' partial success on the substantive motion is relevant to a determination of attorney's fees.

Furthermore, this Court must also consider the additional factors that the Third Circuit has found to be relevant in determining whether a lodestar reduction is appropriate.  Here, for example, Plaintiffs concede that the questions in this case are not novel or difficult. Pls.' Fee Petition at 15.  Moreover, Mr. Young has had significant experience litigating this exact question in other jurisdictions. See supra discussion of Mitchell v. City of Philadelphia, p. 10.  For all

---

[8]The parties stipulated that if this Court found the Union's Hudson notice to be defective, Plaintiffs would be entitled to a restitution of agency fees paid by the non-members. Pretlow Order at ¶ 24.

these reasons, the Court holds that a lodestar reduction is appropriate in this case and Plaintiffs'

fees will be reduced by $4000 or slightly less than 20%  in light of their partial success in

litigation.

4. Costs

_____   In addition to requesting attorneys' fees, Plaintiffs request reimbursement of $740  for

work performed by local counsel, as well as $2,870.41 in costs for filing fees, transcripts and

travel expenses[9].  Defendants dispute Plaintiffs' ability to recover these costs.  Recently, in

Interfaith Community Organization v. Honeywell Intl., the Third Circuit had the opportunity to

consider this issue.  426 F.3d 694, 710 (3d Cir. 2005). Significantly, in Interfaith Community,

the Court held that "under normal circumstances, a party that hires counsel from outside the

forum of the litigation may not be compensated for travel time, travel costs, or the costs of local

counsel. However, where forum counsel are unwilling to represent the plaintiff, such costs are

compensable." Id. (emphasis added).  Applied here, counsel's fee petition includes a request for

travel costs incurred by Mr. Young including train tickets from Virginia to New Jersey, lodging

in New Jersey, rental cars and meals.  However, in light of the Third Circuit's recent decision in

Interfaith Community, and in the absence of any showing that Plaintiffs were unable to hire

counsel within the forum, this Court finds that Plaintiffs' counsel is not entitled to

reimbursement for his travel costs or the costs of local counsel.  Indeed, there are numerous

---

[9]Plaintiffs' travel expenses included: $444.14 on 9/29/04 for a delayed status conference, $434.63 on 10/7/04 for a status conference with Magistrate Judge Rosen; $570.55 on 12/15/04 for a status conference with Magistrate Judge Rosen; and $504.09 on 7/15/05 for oral argument on Plaintiffs' Motion for Summary Judgment.  In total, Plaintiffs' travel expenses total $1953.41.

attorneys in New Jersey who have experience in employment and labor law who could have advocated on behalf of Plaintiffs in this matter. Thus, Plaintiffs' costs must be reduced by the amount spent on travel and the costs of local counsel.

Finally, Defendants contend that Plaintiffs are not entitled to recover their costs for service on the Defendants and for Plaintiffs' payment to the New Jersey Lawyers' Fund for Client Protection. The Court agrees. Plaintiffs did not ask for a waiver of service in this matter; thus, Plaintiffs are not entitled to recover the $175 cost for service of the Complaint. In addition, Plaintiffs' payment to the New Jersey Lawyer's Fund relates to counsel's pro hac vice status and is not recoverable as a cost. Therefore, the Court finds that Plaintiffs' are entitled to recover $370 in costs – $150 for filing fees and $220 for transcripts[10].

## III. CONCLUSION

For the reasons discussed herein, I find that Plaintiffs are entitled to recover $18,562.50 in attorneys' fees and $370 in costs. An appropriate order will follow.

Dated: December 20, 2005                    /s/ Freda L. Wolfson
                                            Honorable Freda L. Wolfson
                                            United States District Judge

---

[10]This amount represents the difference between the total costs claimed by Plaintiffs ($2870.41) and the amounts Plaintiffs spent on travel costs ($1953.41), NJ Lawyer's Fund ($372) and Service of the Complaint ($175). See supra n. 7.